UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 3:07-cr-139-J32TEM

ANDREW CREWS

___

SENTENCING MEMORANDUM

The Defendant, **ANDREW CREWS,** by and through the undersigned attorney, pursuant to Local Rule 3.09, submits the following sentencing memorandum to address the factors under 18 U.S.C. §3553(a), and states as follows:

**A Guideline Sentence is Greater than Necessary to Accomplish the Purposes of Sentencing Set Forth in 18 U.S.C. § 3553(a)**

A.    Mr. Crews's Guidelines

The Presentence Report in Mr. Crews's case calculates a base offense level of 30 based on drug quantity under USSG §2D1.1(c)(5). Presentence Report (hereinafter "PSR") ¶17. After three points are subtracted for acceptance of responsibility, Mr. Crews's resulting total offense level would be 27. PSR ¶¶23-25. Mr. Crews, however is scored as a career offender under USSG ¶4B1.1, which makes his base offense level 34 and, after acceptance of responsibility, his total offense level 31. PSR ¶¶26-29. Thus, Mr. Crews suffers a four-level increase in his offense level due to his status as a career offender.

The Presentence Report in Mr. Crews's case calculates a criminal history category of V based on the computation of criminal history points under Chapter 4A of the Sentencing Guidelines. PSR ¶38. Because Mr. Crews is scored as a career offender, however, his criminal history category is enhanced to a Level VI under USSG §4B1.1. PSR ¶39. He suffers a one-category increase in his

criminal history category due to his status as a career offender.

But for the career offender enhancement, Mr. Crews's advisory guideline imprisonment range would have been 120 to 150 months at a total offense level 27 and criminal history category V. Because of the career offender enhancement, Mr. Crews's advisory guideline imprisonment range is 188 to 235 months based on a total offense level 31 and criminal history category VI. PSR ¶64.

    B.    <u>The Guidelines are Only One Factor that the Court Must Consider Under 18 U.S.C. §3553(a)</u>

Following *United States v. Booker*, 543 U.S. 200, 244, 125 S.Ct. 738 (2005), sentencing consists of two steps. First, the district court must correctly calculate the Guidelines. *United States v. Gall*, 128 S.Ct. 586, 596 (2007) (*citing United States v. Rita*, 551 U.S. —, 127 S.Ct. 2456 (2007)); *see also United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). "The Guidelines are not the only consideration, however." *Gall,* 128 S.Ct. at 596. The second step required by 18 U.S.C. § 3553(a) and *Booker* is that the district court

> must consider several factors to determine a reasonable sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (*citing* 18 U.S.C. § 3553(a)); *see also Gall*, 128 S.Ct. at 597, n.6.

Thus, the Guidelines "now serve as one factor among several courts must consider in determining an appropriate sentence." *United States v. Kimbrough*, 128 S.Ct. 558, 564 (2007); *see also Gall*, 128 S.Ct. at 602 ("[T]he Guidelines are only one of the factors to consider when imposing

sentence"). As modified by *Booker*, 18 U.S.C. § 3553(a) "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing." *Kimbrough*, 128 S.Ct. at 570. In a particular case, "the judge may determine . . . that . . a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Id.* at 564.

    C.    <u>Application to Mr. Crews</u>

Mr. Crews respectfully submits that a sentence within his advisory guideline imprisonment range of 188 to 235 months is greater than necessary to achieve the goals of sentencing set forth in 18 U.S.C. §3553(a). Mr. Crews reserves the right to elaborate at the sentencing hearing on the reasons why the §3553(a) factors support a reasonable sentence below the advisory guideline range.

    Respectfully submitted,

    JAMES SKUTHAN
    Acting Federal Public Defender

    s/ Lynn Palmer Bailey
    _____
    Lynn Palmer Bailey, Assistant Federal Defender
    Florida Bar No. 0605751
    200 West Forsyth Street, Suite 1240
    Jacksonville, FL 32202
    Telephone: (904) 232-3039
    Facsimile: (904) 232-1937
    Lynn_bailey@fd.org
    Counsel for Defendant Crews

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 17th day of March 2008 a true copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, which will concurrently send a notice of electronic filing to Bonnie Glober, Assistant United States Attorney.

                                          s/ Lynn Palmer Bailey
                                          Lynn Palmer Bailey, Assistant Federal Defender